**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02796-CMA-KLM

JESSICA PAINTER,

    Plaintiff,

v.

COREPOWER YOGA, LLC,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiff Jessica Painter ("Plaintiff") and Defendant CorePower Yoga, LLC ("Defendant") (collectively, the "Parties"), through their respective counsel, stipulate to the entry of this Protective Order, as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001(a)-(c). A draft or non-identical copy is a separate document within the meaning of this term.

3.    The Parties seek to restrict public access to certain types of confidential information. To the extent that such information cannot be filed in a redacted format, the parties

agree to designate as "CONFIDENTIAL" documents, materials and/or information produced by either Party containing the following information: (1) Personal and confidential matters not generally known to the public, such as income information, tax returns, Social Security numbers and financial account numbers; (2) personnel documents and records regarding Plaintiff or any other current or former employees of Defendant, including personal health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); (3) industry trade secrets; (4) business records and communications containing confidential and propriety business information not publicly available; and (5) other documents, materials, and/or information of a truly personal nature that implicates a privilege or legitimate privacy interest such as personal identifying information or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

4. As a condition of designating documents "CONFIDENTIAL" the documents must be reviewed by a lawyer of the designating party who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection.

5. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. Confidential information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the Parties.

7. Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following legend or stamp: "CONFIDENTIAL"

8. Whenever a deposition involves the disclosure of Confidential information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may so designate portions of depositions after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the Court reporter of the completion of the transcript.

9. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to make an appropriate motion under Magistrate [Judge]

Mix's discovery procedures within ten (10) additional days seeking a ruling from the Court whether the disputed information shall be deemed Confidential. The disputed information must be treated as Confidential until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause for the designation. If the designating party fails to timely make such a motion, the disputed information will lose its designation.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated Confidential shall be destroyed or preserved by counsel in a manner that is fully consistent with the terms of this Stipulated Protective Order and the attorneys' law firm's office procedures. At the end of the litigation (including any appeals), counsel will not be required to return documents designated Confidential.

11. If, through inadvertence, a producing Party provides any documents or information containing or constituting Confidential information, without designating the material as such, the producing party may subsequently inform the receiving party in writing of the Confidential status of the documents or information. The receiving Party shall thereafter treat the disclosed material as Confidential information in accordance with this Protective Order and, further, take reasonable steps to advise persons to whom disclosure was made of the designation.

12. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d).

13. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this 16th day of March, 2022.

BY THE COURT:

_____
United States District Court Judge

**APPROVED**:

HART MCLAUGHLIN & ELDRIDGE, LLC

*s/ Carter Grant*
Carter Grant
John Marrese
22 West Washington, #1600
Chicago, IL 60602
cgrant@hmelegal.com
jmarrese@hmelegal.com
*Attorneys For Plaintiff*

WILLIAMS WEESE PEPPLE & FERGUSON PC

*s/ Bronwyn H. Pepple*
Bronwyn H. Pepple
Elizabeth A. Austin
1801 California Street, Suite 3400
Denver, CO 80202
(303) 861-2828
bpepple@williamsweese.com
eaustin@willliamsweese.com
*Attorneys for Defendant*